

PATRICK N. CHAPIN, ESQ.
Nevada Bar No. 04946
2920 N. Green Valley Parkway
Bldg. 4, Suite 421
Henderson, Nevada 89014
(702) 433-8780
Attorney for Plaintiff, Alysa Rossetti

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

ALYSA ROSSETTI,

    Plaintiff,

vs.

NEVADA BEVERAGE CO.,
a Nevada corporation,

    Defendant.

CV-S-03-0632-PMP-RJJ

**VERIFIED COMPLAINT**

**(Jury Trial Demanded)**

COMES NOW, the Plaintiff, ALYSA ROSSETTI ("Plaintiff"), by and through her counsel, PATRICK N. CHAPIN, ESQ., and for her Verified Complaint against the Defendant, NEVADA BEVERAGE CO., a Nevada corporation ("Defendant") alleges as follows:

## JURISDICTION

1. This is an action arising under and authorized by Title VII of the Civil Rights Act of 1964 and its subsequent amendments, with pendent state law claims for sexual harassment, wrongful termination and intentional infliction of emotional distress.

## GENERAL ALLEGATIONS

2. Plaintiff, ALYSA ROSSETTI, at all times relevant herein, is a resident of the County of Clark, State of Nevada.

3. Defendant, NEVADA BEVERAGE CO., at all relevant times herein, is a Nevada

corporation, authorized to do business and is doing business in the County of Clark, State of Nevada.

4. Defendant is responsible and liable as an employer for the actions of all its employees towards the Plaintiff.

5. Defendant employed over fifteen (15) people at all relevant times herein.

6. Plaintiff has satisfied all of the procedural and administrative requirements set forth in section 706 of Title VII (42 U.S.C. §2000e-5) in particular:

    A. Plaintiff filed a timely charge of sexual harassment and retaliation with the Nevada Equal Rights Commission.

    B. Plaintiff received a "Notice of Right to Sue" from the Equal Employment Opportunity Commission (EEOC) (**Exhibit 1**).

## FIRST CAUSE OF ACTION

### (Federal Sexual Harassment-Hostile Work Environment Claim)

7. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 6 of her Jurisdictional and General Allegations claims as though fully set forth herein.

8. Plaintiff was hired by Defendant on or about May 6, 2002 as a marketing representative. During Plaintiff's tenure as an employee with Defendant she was forced to endure a sexually harassing and hostile work environment perpetrated by Defendant's Sales Manager, Phil Carrillo.

9. The last incident of Phil Carrillo's sexual harassment towards Plaintiff occurred on or about October, 2002.

2

10. Although Defendant and its agents were made aware of this sexually harassing and hostile work environment created by Phil Carrillo against Plaintiff, Defendant made no or little effort to correct the same.

11. As a direct and proximate result of Defendant's sexual harassing and hostile work environment towards Plaintiff, she has suffered emotional distress and financial loss.

12. The above-described acts of Defendant was wanton, willful, malicious and done with reckless disregard for Plaintiff's federally protected rights.

13. It has been necessary for Plaintiff to employ the services of an attorney, duly licensed and practicing in the State of Nevada, to file this action, and Defendant should be required to pay reasonable attorney's fees and costs in this action.

## SECOND CAUSE OF ACTION

### (State Sexual Harassment Claim)

14. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 6 of her Jurisdictional and General Allegations claims, and paragraphs 7 through 13 of her First Cause of Action as though fully set forth herein.

15. That N.R.S. 613.330 makes it unlawful for an employer to:

> ...fail or refuse to hire or to discharge any person or otherwise discriminate against any person with respect to his compensation, terms, conditions, or privileges of employment, because of his race, color, religion, sex, age, disability or national origin; or (b) to limit segregate or classify employees in any way which would deprive or tend to deprive any person of employment opportunities otherwise adversely affect his status as an employee, because of his race, color, religion, sex, age, disability or national origin.

16. Defendant sexually harassed the Plaintiff and created a hostile work environment extremely detrimental to Plaintiff's emotional and physical health, interfered with Plaintiff's work performance, and caused her emotional distress.

3

17. Throughout Plaintiff's tenure as an employee with Defendant, she was sexually harassed and forced to work in an extremely hostile work environment, caused by Defendant's employee, Phil Carrillo.

18. Defendant retaliated against Plaintiff in the form of taking an adverse and tangible action against Plaintiff, all based on the fact Plaintiff complained to Mr. Carrillo and Defendant's Human Resources representative that she did not welcome Mr. Carrillo's sexual harassing behavior and that she found the same unwelcome.

19. That Defendant is responsible and liable as an employer for the actions of its Sales Manager, Phil Carrillo.

20. Defendant's sexual harassment towards Plaintiff is a violation of Nevada state statute N.R.S. 613.330.

21. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

22. As a direct and proximate result of Defendant's sexual harassing and hostile and retaliatory treatment towards Plaintiff, she has been damaged in an amount in excess of $10,000.00.

23. It has been necessary for Plaintiff to employ the services of an attorney, duly licensed and practicing in the State of Nevada, to file this action, and Defendant should be required to pay reasonable attorney's fees and costs in this action.

## THIRD CAUSE OF ACTION

### (Federal Retaliation Claim)

24. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 6 of her Jurisdictional and General Allegations claims, paragraphs 7 through 13 of her

4

First Cause of Action, and paragraphs 14 through 23 of her Second Cause of Action as though fully set forth herein.

25. Plaintiff, throughout her tenure as an employee with Defendant, was sexually harassed and forced to endure a hostile work environment.

26. Plaintiff complained to Phil Carrillo and Defendant's Human Resources Manager, that she did not welcome the sexually harassing behavior by Defendant's employee, Phil Carrillo.

27. Defendant, despite being made aware of Plaintiff's unwelcome sentiment towards Phil Carrillo's sexually harassing and hostile behavior towards Plaintiff, made little or no effort to correct the same.

28. Defendant, in response to Plaintiff's good faith complaint of a sexual harassing and hostile work environment created by Phil Carrillo, intentionally elected to take adverse and tangible employment action against Plaintiff in retaliation to her complaining of sexual harassment and all to Plaintiff's detriment.

29. The above-described acts of Defendants against Plaintiff was wanton, willful, malicious and done with reckless disregard for Plaintiff's federally protected rights.

30. As a direct and proximate result of Defendant's retaliation against the Plaintiff she has suffered emotional distress and financial loss.

31. It has been necessary for Plaintiff to employ the services of an attorney, duly licensed and practicing in the State of Nevada, to file this action, and Defendant should be required to pay reasonable attorney's fees and costs in this action.

. . .

. . .

. . .

5

## FOURTH CAUSE OF ACTION

### (Wrongful Termination)

32. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 6 of her Jurisdictional and General Allegations claims, paragraphs 7 through 13 of her First Cause of Action, paragraphs 14 through 23 of her Second Cause of Action, and paragraphs 24 through 31 of her Third Cause of Action as though fully set forth herein.

33. In July and August of 2002, Plaintiff injured herself while working on the job and while working for Defendant.

34. Plaintiff, after injuring herself on the job, filed and was approved for a Worker's Compensation claim with the appropriate agency within the State of Nevada.

35. Defendant, sometime in November 2002, and in retaliation for Plaintiff filing and being approved for her good faith Worker's Compensation claim, retaliated against Plaintiff and terminated her from Defendant's employment.

36. That Defendant's termination of Plaintiff in response to her filing a legal and proper Worker's Compensation claim, was wrongful and against Nevada's strong public policy against the same.

37. As a direct and proximate result of Defendant's wrongful termination of Plaintiff, she has been damaged in an amount in excess of $10,000.00.

38. The above-described acts of Defendants against Plaintiff was wanton, willful, malicious and done with reckless disregard for Nevada's strong public policy against such action.

39. Defendant's wrongful termination of Plaintiff, as described above, was done willfully, maliciously, oppressively and with conscious disregard for Plaintiff's rights and with the intent of inflicting emotional and financial damage upon the Plaintiff, and therefore, Plaintiff is

1  entitled to recover exemplary and punitive damages from Defendant in a sum in excess of $10,000.00.

40. It has been necessary for Plaintiff to employ the services of an attorney, duly licensed and practicing in the State of Nevada, to file this action, and Defendant should be required to pay reasonable attorney's fees and costs in this action.

## FIFTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

41. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 6 of her Jurisdictional and General Allegations claims, paragraphs 7 through 13 of her First Cause of Action, paragraphs 14 through 23 of her Second Cause of Action, paragraphs 24 through 31 of her Third Cause of Action and paragraphs 32 through 40 of her Fourth Cause of Action as though fully set forth herein.

42. Defendant's intentional act of sexual harassment/hostile work environment, wrongful termination and retaliation against Plaintiff, as described above was outrageous and committed with disregard to the probability of causing emotional distress to Plaintiff.

43. The outrageous acts of Defendant has caused Plaintiff to be damaged in a sum in excess of $10,000.00.

44. Defendant's intentional acts as described above and below against Plaintiff, was done willfully, maliciously, oppressively and with conscious disregard for Plaintiff's rights and with the intent of inflicting severe emotional and mental distress upon the Plaintiff and, therefore, the Plaintiff is entitled to recover exemplary and punitive damages from Defendant in a sum in excess of $10,000.00.

7

45. It has been necessary for Plaintiff to employ the services of an attorney, duly licensed and practicing in the State of Nevada, to file this action, and Defendant should be required to pay reasonable attorney's fees and costs in this action.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For general damages in an amount in excess of $10,000.00 for each of Plaintiff's pendent state causes of action;

2. For compensatory/punitive damages to the extent allowed under the federal law with respect to each federal cause of action;

3. For front and back pay to be determined at trial;

4. For any pre and post judgment interests allowed by law;

5. For punitive damages;

6. For all costs, expenses and reasonable attorney's fees as provided in §706(k) of Title VII 42 U.S.C. §200e-5(k) and 42 U.S.C. 1988;

7. For trial before a jury for all causes of action; and

8. For such other and further relief as the Court deems just and proper in the premises.

DATED this 30th day of May, 2003.

PATRICK N. CHAPIN, ESQ.
Nevada Bar No. 04946
2920 N. Green Valley Parkway
Bldg. 4, #421
Henderson, NV 89014
Attorney for Plaintiff, ALYSA ROSSETTI

## VERIFICATION

STATE OF NEVADA )
) ss:
COUNTY OF CLARK )

ALYSA ROSSETTI, being first duly sworn, deposes and says:

That she is the Plaintiff in the above-entitled action, that she has read her **VERIFIED COMPLAINT** and knows the contents thereof; that the same is true in her own knowledge, except for those matters therein contained stated upon information and belief, and as to those matters, she believes them to be true.

ALYSA ROSSETTI, Plaintiff

SUBSCRIBED AND SWORN to before me this 30th day of May, 2003.

NOTARY PUBLIC in and for said County and State

CHERYL GEX
Notary Public, State of Nevada
Appointment No. 04-0498-1
My Appt. Expires Feb. 27, 2006

9

EEOC Form 161-B (10/96)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: Alysa Rosetti
11000 S. Eastern Ave.
Henderson, NV 89052

From: Equal Employment Opportunity Commission
255 E. Temple Street
Los Angeles, CA 90012

[ ]   *On behalf of person(s) aggrieved whose identity is*
      *CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 34BA300101 (revised to 34B-2003-00101C) | Legal Officer of the Day | (213) 894-1000 |

*(See also the additional information attached to this form.)*

### NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ x ]   More than 180 days have passed since the filing of this charge.

[ ]   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[ x ]   The EEOC is terminating its processing of this charge.

[ ]   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Olophius E. Perry, District Director

April 22, 2003
*(Date Mailed)*

Enclosure(s)

cc:   Executive Officer, on behalf of
      Nevada Beverage Co.
      3940 W. Tropicana Ave.
      Las Vegas, NV 89103

Patrick N. Chapin, Esq.
2920 N. Green Valley Parkway, Suite 421
Henderson, NV 89014


EXHIBIT "1"